UNITED STATES DISTRICT COUT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CELEBRITY CRUISES, INC.,

     Plaintiff/Petitioner

vs.

SLOBODAN DESPOT,

     Defendant/Respondent.

_____/

## COMPLAINT AND PETITION TO VACATE ARBITRAL AWARD

The Petitioner, CELEBRITY CRUISES INTERNATIONAL, by and through its undersigned counsel and pursuant to the Convention Act, 9 U.S.C. §203 *et seq.,* hereby respectfully petitions the Court to vacate the Arbitral Award entered on June 6, 2019 and as grounds therefor, states as follows:

### GENERAL ALLEGATIONS

1.     This Court maintains subject matter jurisdiction, as the action arises under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") and the Convention Act.. 9 U.S.C. §201 *et seq.*

2.     Article V(1)(e) of the Convention explicitly permits proceedings to vacate an international arbitral award in the country in which the award was rendered or whose law served as governing law for the arbitration.

3.     The Convention Act of the United States domesticates and implements the terms of the Convention into United States statutory law. 9 U.S.C. §201.

4.      Sections 203 and 205 of the Convention Act demonstrate congressional intent to provide a federal forum for resolving issues implicating the Convention and confer subject matter jurisdiction over actions involving awards subject to the Convention.

5.      Under the Convention and the Convention Act, this Court maintains subject matter jurisdiction and sits as a primary jurisdiction for purposes of reviewing the arbitral award.

6.      Petitioner Celebrity is incorporated in Liberia and maintains its corporate headquarters in Miami, Florida.

7.      Respondent Despot is a native of Croatia and resides in Serbia.

8.      Celebrity hired Despot as a snack attendant on board the *Millenium* in 2004 and he worked for several Respondent for several consecutive contracts.

9.      The parties entered an Employment Agreement on January 18, 2015, which included a mandatory arbitration provision in the event of any dispute between the parties.

10.     On July 29, 2015, Celebrity employed Despot as a Maître D' of the Murano Restaurant on board the *Celebrity Eclipse*.

11.     Despot claims he sustained a back injury when the vessel's sudden movement caused a bread trolley in the pantry to roll, then fell over and struck him in the back.

12.     Despot received immediate shipboard medical care, disembarked and was repatriated.  Petitioner arranged for him to receive further medical care.

13.     Despot alleges that he sustained an upper motor neuron injury that developed into central pain syndrome.

14.     Celebrity conducted a timely investigation into the incident.

15.     Pursuant to the arbitration provision in the parties' Employment Agreement, Despot pursued a claim in arbitration.

16.     The parties stipulated to the application of the general maritime law of the United States as the substantive governing law for the claim.

17.     In response to Despot's request for the accident report, Celebrity invoked the work product immunity which attaches to such accident reports under established United States law.

18.     The parties arbitrated the case during twenty days in the interval between June 19, 2018 and December 17, 2018.[1]

19.     During the course of the ongoing arbitration, the Arbitrator solicited funds from Despot's counsel to benefit his favorite charity.

20.     Despot's counsel donated funds in response to the Arbitrator's request, and the Arbitrator received notice of his donation.

21.     Celebrity requested the presiding organization, the International Centre for Dispute Resolution ("ICDR"), to recuse the Arbitrator.  The ICDR denied the request.

22.     Thereafter, the Arbitrator issued his Final Award on June 6, 2019, which awarded Despot $10,313,210.

23.     In the Final Award, the Arbitrator drew adverse inferences against Celebrity for invoking the work product immunity that attaches to accident reports and photographs taken during the investigation of a claim.

24.      The Arbitrator drew an additional adverse inference against Celebrity after concluding Celebrity spoliated the evidence when it did not set aside and maintain the specific trolley Despot claims was involved in the accident.

---

[1]  The Final Award, itself, is confidential pursuant to the ICDR arbitration rules.  After this matter is assigned a case number, Petitioner will move to file the Final Award into the record under seal.

25.     Celebrity personnel inspected the subject bread trolley after the incident and concluded it was in good working order.  The bread trolley was re-introduced into the stream of operations such that the specific trolley involved could no longer be identified.

26.     The Arbitrator rendered the Final Award on June 6, 2019 and called for Celebrity to pay the award within thirty days thereafter.

27.     Celebrity timely sought from the ICDR a stay of execution of the award because the federal precedent recognizes the parties' right to a three-month period for challenging an award. *Gonsalvez v. Celebrity Cruises, Inc.*, 935 F.Supp.2d 1325, 1331 (S.D. Fla. 2013), *aff'd by* 750 F.3d 1195 (11th Cir. 2013), *rev. denied by* 135 S. Ct. 58 (2014).

28.     This petition is timely filed.

**COUNT I:     PETITION TO VACATE THE ARBITRAL AWARD UNDER THE NEW YORK CONVENTION AND THE CONVENTION ACT**

29.     Petitioner re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 above.

30.     Article V(2)(b) of the Convention provides that a country may refuse recognition and enforcement of an award if 'recognition or enforcement of the award would be contrary to the public policy of that country.'  Convention art. V(2)(b).

31.     A violation of the forum state's public policy occurs when it violates the forum state's "most basic notions of morality and justice."

**The Final Award violates the U.S. entrenched public policy that presumes innocence.**

32.     The United States has an entrenched public policy ensuring due process wherein everyone -including corporations - is innocent until proven guilty.

33.     In the civil context, this entrenched U.S. public policy takes form in the burden of proof; it is well-established that the party seeking to recover damages bears the burden of proving his claim by a preponderance of the evidence.

34.     The Arbitrator's Final Award did not make the requisite findings for spoliation, but applied adverse inferences against Celebrity, which violate the fundamental presumption of innocence and the entrenched burden of proof. .

35.     The Final Award employed spoliation grounds against Celebrity to presume fault on account of its election to invoke work product immunity protection for the accident report and photographs.

36.     A party's election to invoke the work product immunity cannot trigger the application of an adverse inference to shift the burden of proof, penalizing the invoking party.

37.     The Final Award also drew an adverse inference from Celebrity returning the subject bread trolley into normal operations such that it could no longer be specifically identified amongst the other trolleys.

38.     Before applying an adverse inference due to spoliation and shifting the burden of proof, United States law requires a list of evidentiary findings, which include bad faith.

39.     There was no evidence of any bad faith on the part of Celebrity in returning the subject bread trolley back into operations after it cleared inspection.

40.     Despite the absence of the requisite bad faith, the Final Award draws an adverse inference regarding the condition of the trolley, and the contents of the accident report and photographs, which impermissibly shifted the burden of proof and violated the presumption of innocence.

**The Final Award violates the U.S. entrenched public policy of due process before an impartial adjudicator.**

41.     The United States recognizes as entrenched public policy a party's indispensable right to due process of law before an impartial adjudicator.  The United States Supreme Court explained that the public policy upholding the public perception of judicial integrity is "a state interest of the highest order."  *Williams-Yulee v. Fla. Bar*, 135 S. Ct. 1656 (2015).

42.     The adjudicator's direct solicitation to counsel for charitable donations during the course of the arbitration impermissibly undermined the impartiality of the system and created the appearance of undue influence.

43.     Despot's attorney contributed toward the adjudicator's impermissible solicitation for funds for charity, thereby creating partiality or, at a minimum, the appearance of impropriety such that Celebrity's right to an impartial adjudicator was compromised.

44.     This Court, sitting as a primary jurisdiction under the Convention, properly concludes enforcing the arbitral award would violate entrenched public policies of the United States, including the presumption of innocence, the burden of proof, and the right to due process of law before an impartial adjudicator.

45.     Petitioner Celebrity requests the Court vacate the June 6, 2019 Final Award.

**COUNT II:  PETITION TO VACATE THE ARBITRAL AWARD UNDER THE FEDERAL ARBITRATION ACT.**

46.     Petitioner re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 28 above.

47.     The Convention does not provide the exclusive grounds for vacating an international or non-domestic arbitration award.  A non-domestic arbitral award is also reviewable under the Federal Arbitration Act to the extent it does not conflict with the Convention Act. 9 U.S.C. §208.

48.     Section 10 of the Federal Arbitration Act vests this Court with the authority to vacate an arbitral award where:

> (1) the award was procured by corruption, fraud or undue means;
> (2) there was evident partiality or corruption in the arbitrators, or either of them;
> (3) the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

>   (4) the arbitrator exceeded his power or so imperfectly executed them that a mutual,
>   final and definite award upon the subject matter submitted was not made.

9 U.S.C. §10.

49.     The Arbitrator's direct solicitation to counsel for charitable funds in the midst of
this arbitration and the responding contribution by Despot's counsel clearly constitutes "evident
partiality" and misbehavior resulting in a clear prejudice to Celebrity.

50.     United States Court precedent, Florida law, the ABA Model Code of Judicial
Conduct all establish that a judge's solicitation to counsel of a pending matter for funds - even for
a charitable organization - is not appropriate behavior, constitutes misconduct by introducing
undue influence into the decision-making process and creates evident partiality.

51.     The Arbitrator erroneously penalized Respondent for invoking the established work
product immunity, which clearly prejudiced Celebrity's rights.

52.     The Final Award reflects evident partiality and an improper penalty to Respondent
for invoking the established work product immunity; these findings clearly result in a material
prejudice to Celebrity.

53.     Celebrity requests the Court to vacate the Final Award pursuant to the FAA.

WHEREFORE, Defendant hereby respectfully requests the Court enter an Order vacating
the Final Award.


Dated: July 12, 2019
        Miami, Florida

PAGE 8

Respectfully submitted,

/s/ Stephanie H. Wylie
**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Stephanie H. Wylie**
Florida Bar No.: 130140
swylie@admiral-law.com
**Juan Carlos Perez**
Florida Bar No.: 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
***Attorneys for Petitioner***

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 12, 2019, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Stephanie H. Wylie
**Stephanie H. Wylie**
Florida Bar No.: 130140
***Attorneys for Petitioner***

/1472493

## SERVICE LIST

**David J. Horr**
Florida Bar No.: 310761
dhorr@admiral-law.com
**Stephanie H. Wylie**
Florida Bar No.: 130140
swylie@admiral-law.com
**Juan Carlos Perez**
Florida Bar No.: 91581
jperez@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
*Attorneys for Petitioner*

**John H. Hickey**
Florida Bar No.: 305081
hickey@hickeylawfirm.com;
**Sarah A. Lobel**
Florida Bar No.: 88716
slobel@hickeylawfirm.com
HICKEY LAW FIRM, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL  33131-3501
Telephone: (305) 371-8000
Facsimile:  (305) 371-3542
*Attorneys for Respondent*